UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT MICHAEL WHITTAL                    CIVIL ACTION

VERSUS                                     NO: 07-4181

SPECIALTY DIVING OF                        SECTION: R(5)
LOUISIANA, INC., ET AL.


**ORDER AND REASONS**

Before the Court is cross-claimant Frisco Construction Co., Inc.'s Motion for Summary Judgment against cross-defendant Specialty Diving of Louisiana, Inc.  The motion is unopposed.  For the following reasons, the Court GRANTS the motion.


**I.    Background**

This case arises out of a diving accident that occurred on July 17, 2007.  On that day, plaintiff Robert Whittal, an employee of Specialty Diving of Louisiana, Inc., allegedly sustained injuries when his air delivery system aboard a barge failed while he was underwater performing diving operations.

(Pl's Complaint at ¶¶IV-VII, R. Doc. 1).  Denbury Onshore, LLC, had provided for the barge and diving crew to be at the site so that the divers could lay pipeline. (R. Doc. 34-6).  Denbury had contracted with Frisco Construction Co., Inc., to provide the barge and Specialty to provide the diving crew. (R. Doc. 34-6).

On August 17, 2007, Whittal sued Specialty, Frisco, and Denbury under the Jones Act and general maritime law. (Pl's Complaint at ¶¶XII-XXIV, R. Doc. 1).  Frisco filed cross-claims against Specialty Diving and Denbury. (R. Docs. 21 & 24).  Frisco now moves for summary judgment against Denbury on the grounds that Denbury's contracts with Specialty and Frisco provide Frisco with indemnity.

## II.  Legal Standard

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990) (citing

2

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex,* 477 U.S. at 325; *Lavespere,* 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex,* 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

## III. Discussion

Frisco contends that Denbury's Master Servant Agreement (MSA) with Specialty contains a "pass-through" indemnity obligation which requires Specialty to indemnify Frisco, as a contractor of Denbury, for claims by Specialty's employees.  The provision provides:

3

> CONTRACTOR shall be liable in any case of illness,
> injury or death suffered by the personnel of all
> members of CONTRACTOR GROUP . . . REGARDLESS OF WHETHER
> CAUSED OR BROUGHT ABOUT BY ANY MEMBER OF COMPANY
> GROUP'S NEGLIGENCE OR ANY OTHER THEORY OF LEGAL
> LIABILITY, INCLUDING . . . THE UNSEAWORTHINESS OF ANY
> VESSEL . . . and CONTRACTOR shall release, defend,
> protect, indemnify and hold harmless all members of
> COMPANY GROUP from and against any loss, cost, claim .
> . .

(R. Doc. 34-3 at §7.1(b)).  The agreement defines "COMPANY GROUP" as Denbury "and its parent, subsidiary and affiliated companies . . . and all of their officers, directors, employees, agents, assigns, invitees, coventurers, representatives, *other contractors* . . ." (R. Doc. 34-3 at §7.1(a)) (emphasis added). The agreement also provides that for work activities that are maritime in nature, "this Agreement shall be interpreted and construed in accordance with the United States General Maritime Law." (R. Doc. 34-3 at §18).

Frisco contends it is an "other contractor" protected under the agreement, since it also contracted with Denbury. (*See* R. Doc. 34-2).  Frisco cites several Fifth Circuit cases that have upheld similar indemnity provisions under maritime law. *See Sumrall v. Ensco Offshore Co.*, 291 F.3d 316, 320 (5th Cir. 2002); *Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d at 1115, 1125 (5th Cir. 1992); *Babcock v. Continental Oil Co.*, 792 F.2d 1346, 1352-53 (5th Cir. 1986).  No party disputes that the contract, a

contract in which Denbury retained divers and dive equipment to lay pipeline in a navigable waterway, is a maritime contract. *See Continental Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1342 (5th Cir. 1979) (noting that a contract to perform diving services was a maritime contract).

The Court has reviewed Frisco's motion, the agreement, and the applicable law.  Finding that it has merit, the Court finds that Frisco is entitled to summary judgment against Specialty.


**IV.  Conclusion**

For the foregoing reasons, the Court GRANTS Frisco's Motion for Summary Judgment.


New Orleans, Louisiana, this 22nd day of October, 2008

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

5